IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RANIA BARAKAT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cv-00934-RK |
| ) | |
| FRONTIER JUSTICE KCMO, LLC, A ) | |
| MISSOURI DOMESTIC FOR-PROFIT ) | |
| CORPORATION; ) | |
| ) | |
| Defendant. ) | |

**ORDER TO SHOW CAUSE**

    This is a religious discrimination case brought under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, *et seq*. Plaintiff alleges Defendant Frontier Justice KCMO, LLC ("Frontier Justice") unlawfully discriminated against her based on her religion when it denied her use of a shooting range under its dress code policy because Plaintiff, a Muslim woman, was wearing a hijab. (*See generally* Doc. 1.) Accordingly, Plaintiff seeks declaratory and injunctive relief, pre- and post- judgment interest, attorney's fees, and litigation costs under Title II of the Civil Rights Act. (*Id.*)

    Now pending before the Court is Frontier Justice's motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. (Doc. 22.) Frontier Justice argues Plaintiff's complaint must be dismissed because (1) the Court lacks subject matter jurisdiction (Rule 12(b)(1)), and (2) Plaintiff's complaint fails to state a Title II claim (Rule 12(b)(6)). The motion is fully briefed. (Docs. 23, 31, 42.) In its motion to dismiss, as to the lack of subject matter jurisdiction, Frontier Justice asserts that Plaintiff's Title II discrimination action is moot by operation of its voluntary cessation of the challenged conduct. (Doc. 23 at 20-23.) In its reply, Frontier Justice also argues the Court lacks subject matter jurisdiction because (1) Plaintiff lacks standing to seek injunctive relief, and (2) Plaintiff's complaint "fails to demonstrate she followed the notice requirement of 42 U.S.C. § 2000a-3(c)." (Doc. 42 at 10 & 10 n.3, respectively).

    Generally, the Court does not consider issues raised for the first time in a reply brief. *See, e.g.*, *Pisciotta v. Kijakazi*, No. 4:21-CV-00102-DGK-SSA, 2022 WL 1452789, at *3 (W.D. Mo. May 9, 2022); *Hesse v. Mo. Dep't of Corr.*, No. 4:21-cv-00472-RK, 2022 WL 479142, at *3 n.4

(W.D. Mo. Feb. 16, 2022); *Herd v. Am. Sec. Ins. Co.*, No. 06-4284-VC-C-NKL, 2007 WL 603084, at *1 (W.D. Mo. Feb. 22, 2007). At the same time, however, it is well-established that "challenges to subject matter jurisdiction may be raised at any stage of the proceedings, even on appeal." *Abdi v. U.S. Citizenship & Immigration Servs.*, 923 F. Supp. 2d 1160, 1163 n.5 (D. Minn. 2013) (citing *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701-02 (1982)); *see Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1031 (8th Cir. 2012) (considering merits of subject-matter-jurisdiction claim raised for the first time in a reply brief on appeal). Accordingly, the Court will consider Frontier Justice's jurisdictional claim regarding Plaintiff's failure to comply with § 2000a-3(c).

Specifically, § 2000a-3(c) provides the following:

> In the case of an alleged act or practice prohibited by this subchapter which occurs in a State or political subdivision of a State, which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no civil action may be brought under subsection (a) before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings.

In the Eighth Circuit, § 2000a-3(c)'s notice requirement is jurisdictional and thus implicates the Court's subject matter jurisdiction. *Bilello v. Kum & Go, LLC*, 374 F.3d 656, 659 (8th Cir. 2004)[1];

---

[1] In holding that § 2000a-3(c)'s notice requirement implicates a federal court's subject matter jurisdiction, the *Bilello* Court expressly noted it was joining the Seventh and Tenth Circuits, which have also held that the notice requirement is jurisdictional. 374 F.3d at 659 (citing *Stearnes v. Baur's Opera House, Inc.*, 3 F.3d 1142, 1144 (7th Cir. 1993); *Harris v. Ericson*, 457 F.2d 765, 766 (10th Cir. 1972)).

District courts in the First, Third, and Fifth circuits generally agree with the Eighth, Seventh, and Tenth Circuit Courts that § 2000a-3(c) is jurisdictional. *See, e.g.*, *Daigle v. Friendly Ice Cream Corp.*, 957 F. Supp. 8, 9 (D.N.H. 1997); *James v. Wal-Mart*, No. 3:CV-08-1821, 2009 WL 10719093, at *7 (M.D. Pa. June 1, 2009), *adopted by* 2009 WL 10719435 (M.D. Pa. July 30, 2009); *Stephens v. Seven Seventeen HB Phila. Corp.*, No. CIV.A. 99-4541, 2001 WL 33464 (E.D. Pa. Jan. 11, 2001); *Harrison v. Lee*, No. 2:14-cv-4544-RMG, 2015 WL 337634, at *3 (D.S.C. Jan. 26, 2015); *Dunaway v. Cowboys of Lake Charles, Inc.*, No. 2:07 CV 1138, 2010 WL 2265142 (W.D. La. May 28, 2010).

The District of Columbia Circuit Court appears to be the only circuit court to have held that § 2000a-3(c)'s notice requirement is <u>not</u> jurisdictional. *See Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 153 (D.C. Cir. 2015). District courts in the Eleventh Circuit generally agree that § 2000a-3(c)'s notice requirement is not jurisdictional. *See Zinman v. Nova S.E. Univ., Inc.*, No. 21-CV-60723-RUIZ/STRAUSS, 2021 WL 4025722, at *5-6 (S.D. Fla. Aug. 30, 2021), *adopted by* No. 21-CIV-60723-RAR, 2021 WL 4226028 (S.D. Fla. Sept. 15, 2021); *Peters v. Cheval Golf & Athletic Club, LLC*, No. 8:20-cv-2080-KKM-AAS, 2022 WL 88197, at *3-5 (M.D. Fla. Jan. 7, 2022).

Finally, district courts in the remaining circuits – the Second, Fourth, Sixth, and Ninth circuits –

*see Combs v. Cordish Cos., Inc.*, No. 14-0227-CV-W-ODS, 2014 WL 4243640, at *3 (W.D. Mo. Aug. 26, 2014) (dismissing Title II race-discrimination claim for lack of subject matter jurisdiction because the plaintiffs failed to satisfy § 2000a-3(c)'s jurisdictional notice requirement by giving notice to the Missouri Commission on Human Rights). Moreover, as the Court previously recognized in *Combs*, it appears that Missouri law prohibits religious discrimination in places of public accommodation, and also provides remedies for such discriminatory practices, as contemplated by § 2000a-3(c). 2014 WL, 4243640, at *3 (citing Mo. Rev. Stat. § 213.065); *see* Mo. Rev. Stat. §§ 213.030, 213.075.

Here, Plaintiff's complaint does not allege she provided any notice or filed any complaint of discrimination with the Missouri Commission on Human Rights as necessary to satisfy § 2000a-3(c) prior to filing the instant lawsuit. Thus, it appears that the Court lacks subject matter jurisdiction, and must dismiss Plaintiff's complaint accordingly. *See* Rule 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety") (citation omitted). Because Frontier Justice raised this challenge to the Court's subject matter jurisdiction in its reply, the Court

---

appear to conflict on this issue:

- Second Circuit: *Compare Chance v. Reed*, 538 F. Supp. 2d 500, 510 (D. Conn. 2008) (suggesting § 2000a-3(c) is jurisdictional), *with Whitehurst v. 230 Fifth, Inc.*, No. 11 Civ. 0767 (CM), 2011 WL 3163495, at *8-9 (S.D.N.Y. July 26, 2011) (suggesting § 2000a-3(c) is not jurisdictional)

- Fourth Circuit: *Compare Stanford v. Halloway*, No. DKC 16-1355, 2017 WL 1048257, at * (D. Md. Mar. 20, 2017) (§ 2000a-3(c) is jurisdictional), *with McGill v. Koros, LLC*, No. JKB-20-03191, 2021 WL 4170402, at *3-4 (D. Md. Sept. 14, 2021) (§ 2000a-3(c) notice requirement is not jurisdictional)

- Sixth Circuit: *Compare Paschal v. Doctors Assocs.*, No. 4:17cv1635, 2017 WL 4155768, at *2-3 (N.D. Ohio Sept. 19, 2017) (§ 2000a-3(c) is jurisdictional), *and Jackson v. Murray State Univ.*, No. 5:11-CV-00024-R, 2012 WL 3644839, at *5-6 (W.D. Ky. Aug. 24, 2012) (same), *with Rucker v. Hardy*, No. 1:17-cv-823, 2018 WL 3520430, at *4 (S.D. Ohio July 20, 2018) (§ 2000a-3(c) is not jurisdictional)

- Ninth Circuit: *Compare Dragonas v. Macerich*, No. CV-20-01648-PHX-MTL, 2021 WL 3912853, at *3 (D. Ariz. Sept. 1, 2021) (§ 2000a-3(c) is jurisdictional); *Bunch v. Victor Valley Domestic Violence, Inc.*, No. ED CV 19-02027-VBF (DFM), 2019 WL 6728445, at *2 (C.D. Cal. Dec. 11, 2019) (same); *May v. Cal. Hotel & Casino, Inc.*, No. 2:13-cv-00066-GMN-PAL, 2014 WL 1494231, at *3-5 (D. Nev. Apr. 14, 2014) (same), *and Boyle v. Jerome Country Club*, 883 F. Supp. 1422, 1426 (D. Idaho 1995) (same), *with Domino v. Ky. Fried Chicken*, No. 19-cv-08449-HSG, 2020 WL 5847306, at *3 (N.D. Cal. Oct. 1, 2020) (§ 2000a-3(c) is not jurisdictional).

now **ORDERS** that Plaintiff shall show cause on or before **July 29, 2022**, why this case should not be dismissed for lack of subject matter jurisdiction. *See Bilello*, 374 F.3d at 659; *Edison v. Nat'l R.R. Passenger Corp.*, No. 20-CV-0614 (PJS/LIB), 2021 WL 2515516, at *8 (D. Minn. June 18, 2021) (dismissing Title II claim because plaintiff failed to file charge of discrimination under state law); *Combs*, 2014 WL 4243640, at *3 (same).

    **IT IS SO ORDERED**.

                                                s/ Roseann A. Ketchmark
                                                ROSEANN A. KETCHMARK, JUDGE
                                                UNITED STATES DISTRICT COURT

DATED: July 22, 2022