# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## KANSAS CITY DIVISION

| | |
|---|---|
| **RANIA BARAKAT;** | |
| **Plaintiff,** | |
| v. | Case No. 4:21-cv-0934-RK |
| **FRONTIER JUSTICE KCMO, LLC, a Missouri domestic for-profit corporation;** | **Hon: Judge Roseann Ketchmark** |
| **Defendant**. | |

## PLAINTIFF'S RESPONSE TO THE COURT'S JULY 22 SHOW CAUSE ORDER

On July 22, 2022, the Court ordered Plaintiff Rania Barakat to show cause as to why the case should not be dismissed for lack of subject matter jurisdiction. The Court states that Ms. Barakat's complaint does not allege she provided any notice or filed any complaint of discrimination with the Missouri Commission on Human Rights as necessary to satisfy the § 2000a-3(c) prior to filing the lawsuit. Thus, the Court states that it lacks subject matter jurisdiction and must dismiss Ms. Barakat's complaint.

Section § 2000a-3(c) provides:

In the case of an alleged act or practice prohibited by this subchapter which occurs in a state or political subdivision of a State, which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no civil action may be brought under subsection (a) before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings.

42 U.S.C. § 2000a(b) and § 213.065 of the Missouri Human Rights Act prohibit discrimination based on religion in places of public accommodation. Both statues define a place of public accommodation to include a place of exhibition and entertainment. However, a place of public accommodation is defined more broadly under the MHRA, and the Act makes clear that its definition includes but is not limited to the categories it provides. (The Act broadly defines "places of public accommodation" as all places or businesses offering or holding out to the general public services, privileges, facilities, advantages or accommodations….*including but not limited to*…a place of exhibition or entertainment.)

## Argument

Because 2000a-3(c)'s notice requirement is a claim processing rule, it is not jurisdictional. And because it is not jurisdictional, it has been waived.

Although the Eighth Circuit has previously held that § 2000a-3(c)'s notice requirement is jurisdictional (*see Bilello v. Kum & Go, LLC,* 374 F.3d 656, 658 (8th Cir 2004))., the Court must follow the Supreme Court's 2019 analysis in *Fort Bend County, Taxas, v. Davis, Fort Bend* 139 S. Ct. 1843 (2019), which overrules *Bilello* by implication. In *Fort Bend*, the Court held that Title VII's charge-filing requirement was not jurisdictional. *Id.* at 1844.

Here, the Supreme Court's ruling in *Fort Bend* directly conflicts with the Eighth Circuit's ruling in *Bilello.*

*In Fort Bend,* a former county employee brought an action against Fort Bend County, Texas, alleging retaliation and religious discrimination in violation of Title VII. 139 S. Ct. at 1844. On remand, the District Court dismissed the religious discrimination claim for failure to exhaust administrative remedies, an argument which the county raised the first time on remand. *Id.* The Supreme Court held that Title VII's charge-filing requirement was not

jurisdictional, but a claim-processing rule. *Id.* "The charge-filing instruction is kin to prescriptions the Court has ranked as nonjurisdictional—for example, directions to raise objections in an agency rulemaking before asserting them in court, *EPA v. EME Homer City Generation, L. P.*, 572 U.S. 489, 511-512 (2014) or to follow procedures governing copyright registration before suing for infringement. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010)." 139 S. Ct. at 1844.

Because claims-processing requirements are not jurisdictional, a plaintiff's failure to undertake it is waived if not timely raised in the answer or the Motion to Dismiss. "A claim-processing rule requiring parties to take certain procedural steps in, or prior to, litigation, may be mandatory in the sense that a court must enforce the rule if timely raised. 139 S. Ct. at 1844 (citing *Eberhart v. United States*, 546 U.S. 12, 19 (2005). But a mandatory rule of that sort, unlike a prescription limiting the kinds of cases a court may adjudicate, is ordinarily forfeited if not timely asserted. *Id* (citing *Eberhart* at 15).

*Fort Bend*'s analysis is inconsistent with *Biello*. *Biello* held Title II's requirements were jurisdictional simply because they were "procedural prerequisites" required "before filing a civil action in federal court." 374 F.3d at 659. But *Fort Bend* expressly held that such an assumption was wrong. Just because there is a claims-processing procedural requirement does not make the requirement jurisdictional. Instead, *Fort Bend* set a different test for determining whether something is jurisdictional: Jurisdictional limitations are "generally reserved to describe the classes of cases a court may entertain (subject-matter jurisdiction) or the persons over whom a court may exercise adjudicatory authority (personal jurisdiction)." 139 S. Ct. at 1846. And because Section 2000a-3(c) does not describe a class of case the Court can entertain or a person it can entertain it over, it is not jurisdictional absent some extraordinary reason to

make it so. No such reason appears on the face of either *Biello* or any of the cases *Biello* relies upon.

Here, because Defendant Frontier Justice failed to argue in its answer that Ms. Barakat's claims should be dismissed because she did not pursue Title II's administrative remedies, Defendant waived its right to that defense. *See* Show Cause Order (Dkt. 43) (noting Defendant did not raise the issue timely).

## Conclusion

The Court should adopt the ruling in *Fort Bend* and hold that Title II's notice requirement is a nonjurisdictional claim-processing rule. As a result, because Defendant failed to allege Plaintiff's failure to exhaust administrative remedies in its answer, Defendant waived that argument. The Court should therefore find cause that this case should not be dismissed for lack of jurisdiction.

Dated: August 5, 2022

Respectfully submitted,

**CAIR LEGAL DEFENSE FUND**

*/s/ Lena Masri*

Lena F. Masri (DC 100019) ∂
Gadeir I. Abbas (VA 81161) ∂ β
Justin Sadowsky (DC 977642) ∂
Zanah Ghalawanji (MI P81136) ∂ ç
452 New Jersey Ave SE
Washington, DC 20003
Phone: (202) 642-7420
Email: ldf@cair.com

∂ *Admitted pro hac vice*
β Licensed in VA, not in DC.
Practice limited to federal matters.
Ç Licensed in MI, not in DC.
Practiced limited to federal matters.

/s/ _Kevin Baldwin_

Kevin Baldwin, MO Bar 49101
Eric Vernon, MO Bar 47007
Sylvia Hernandez, MO Bar 70670
Robin Koogler, MO Bar 71979
BALDWIN & VERNON
108 S. Pleasant Street
Independence, MO 64050
Phone: (816) 842-1102
Fax: )816) 842-1104
kevin@bvalaw.net
eric@bvalaw.net
sylvia@bvalaw.net
robin@bvalaw.net

_Attorneys for Plaintiff_

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2022, I electronically filed the foregoing by using the Court's ECF system. I further certify that all participants in the case are registered ECF users and will be electronically served by the Court's ECF notification system.

*/s/ Zanah Ghalawanji*
Attorney for Plaintiff