# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RANIA BARAKAT, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 4:21-cv-00934-RK<br>) |
| FRONTIER JUSTICE KCMO, LLC, A MISSOURI DOMESTIC FOR-PROFIT CORPORATION; | )<br>)<br>)<br>) |
| Defendant. | ) |

## ORDER

Now before the Court are (1) Defendant Frontier Justice KCMO, LLC's ("Frontier Justice") motion to dismiss for lack of subject matter jurisdiction and failure to state a claim (Doc. 22), and (2) Plaintiff Rania Barakat's show-cause response (Doc. 43). As previously explained in the Court's order to show cause why this case should not be dismissed for lack of subject matter jurisdiction, Plaintiff's complaint for religious discrimination under Title II of the Civil Rights Act of 1964 does not establish that she complied with 42 U.S.C. § 2000a-3(c)'s notice requirement. In the Eighth Circuit, binding precedent holds that § 2000a-3(c)'s notice requirement is jurisdictional. *Bilello v. Kum & Go, LLC*, 374 F.3d 656, 659 (8th Cir. 2004). Therefore, because the Court lacks subject matter jurisdiction, Frontier Justice's motion to dismiss is **GRANTED**, and Plaintiff's complaint is **DISMISSED without prejudice.**

I. Background

Plaintiff filed the instant religious discrimination action pursuant to Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq.*, on December 28, 2021. (Doc. 1.) Plaintiff alleges that Frontier Justice unlawfully discriminated against her because of her religion – Plaintiff is Muslim – by denying her use of its shooting range pursuant to Frontier Justice's dress code policy because Plaintiff was wearing a hijab. (*See generally id.*) Frontier Justice filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim on February 23, 2022. (Doc. 22.) Among other things, Frontier Justice argued the Court lacks subject matter jurisdiction because Plaintiff's claim is moot to the extent it has began offering a close-fitting hijab for patrons at its

shooting range, and Plaintiff's complaint otherwise fails to state a claim under Title II. (*See generally id.*) Plaintiff filed her suggestions in opposition on April 8, 2022. (Doc. 31.)

In its reply, Frontier Justice argued for the first time that the Court lacks subject matter jurisdiction because Plaintiff's Title II discrimination complaint "fails to demonstrate she followed the notice requirement of 42 U.S.C. § 2000a-3(c)." (Doc. 42 at 10 n.3 (citing *Boyle v. Jerome Country Club*, 883 F. Supp. 1422, 1425-26 (D. Idaho 1995)). On July 22, 2022, because Frontier Justice did not raise this jurisdictional issue until its reply,[1] the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction to the extent her complaint does not demonstrate she complied with § 2000a-3(c)'s notice requirement.

## II. Discussion

For discrimination claims brought under Title II of the Civil Rights Act of 1964, § 2000a-3(c) provides as follows:

> In the case of an alleged act or practice prohibited by this subchapter which occurs in a State or political subdivision of a State, which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no civil action may be brought under subsection (a) before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings.

The Eighth Circuit Court of Appeals has held that § 2000a-3(c)'s notice requirement implicates the court's subject matter jurisdiction. *Bilello v Kum & Go, LLC*, 374 F.3d 656, 659 (8th Cir. 2004). As binding circuit precedent, *Bilello* thus requires that Title II claims be dismissed for lack of subject matter jurisdiction where a plaintiff fails to comply with § 2000a-3(c)'s notice requirement. *See Edison v. Nat'l R.R. Passenger Corp.*, No. 20-CV-0614 (PJS/LIB), 2021 WL 2515516, at *8 (D. Minn. June 18, 2021) (dismissing Title II discrimination claim for lack of jurisdiction because plaintiff failed to satisfy § 2000a-3(c)'s notice requirement with the Minnesota Department of Human Rights) (citing *Childs v. Extended Stay of Am. Hotels*, No. 10-3781

---

[1] As the Court previously recognized, although issues raised for the first time in reply generally will not be considered, issues of subject matter jurisdiction may be raised at any time. (Doc. 43 at 1-2 (citing *Pisciotta v. Kijakazi*, No. 4:21-CV-00102-DGK-SSA, 2022 WL 1452789, at *3 (W.D. Mo. May 9, 2022); *Abdi v. U.S. Citizenship & Immigration Servs.*, 923 F. Supp. 2d 1160, 1163 n.5 (D. Minn. 2013) (citing *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauzites de Guinee*, 456 U.S. 694, 701-02 (1982))) (other citations omitted).)

2

(SRN/JJK)); *Combs v. Cordish Cos., Inc.* No. 14-0227-CV-W-ODS, 2014 WL 4243640, at *3 (W.D. Mo. Aug. 26, 2014) (dismissing Title II discrimination case because plaintiff failed to notify the Missouri Human Rights Commission as required by § 2000a-3(c)); *Hardy v. GMRI, Inc.*, 423 F. Supp. 2d 951, 957 (S.D. Iowa 2006) (remanding removal case for lack of subject matter jurisdiction because plaintiff did not comply with § 2000a-3(c)'s notice requirement before filing the state court action and therefore "would have been jurisdictionally prohibited from filing the same action in federal court"); *cf. Banks v. Hughes*, No. 4:21CV3071, 2021 WL 3206845, at * (D. Neb. July 29, 2021) (finding jurisdiction over Title II claim satisfied because the complaint "alleges that [plaintiff] filed a complaint with the [Nebraska Equal Opportunity Commission] on the grounds of disability and race discrimination, and such complaint was dismissed" prior to filing the federal Title II lawsuit).

Plaintiff acknowledges in her show-cause response that "the Eighth Circuit has previously held that § 2000a-3(c)'s notice requirement is jurisdictional." (Doc. 46 at 2.) Nonetheless, she argues a Supreme Court decision, *Fort Bend County v. Davis*, 139 S. Ct. 1843 (2019), implicitly overrules *Bilello* by its holding that Title VII's "charge-filing requirement" in employment discrimination cases (specifically, 42 U.S.C. § 2000e-5(e)(1) and (f)(1) [2]) is a non-jurisdictional claim-processing rule. *Id.* at 1851. Accordingly, Plaintiff urges the Court here to "adopt the ruling in *Fort Bend* and hold that Title II's notice requirement is a nonjurisdictional claim-processing rule." (Doc. 46 at 4.) This, the Court may not do, however.

District courts in the Eighth Circuit – like this one – are duty bound to follow precedential decisions of the Eighth Circuit Court of Appeals. *See Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003) (district courts are "bound . . . to apply the precedent of [the Eighth] Circuit") (citing *United States v. Collins*, 321 F.3d 691, 698 n.5 (8th Cir. 2003)); *Valspar Corp. v. PPG Indus., Inc.*, No. 16-cv-1429 (SRN/SER), 2017 WL 3382063, at *3 (D. Minn. Aug. 4, 2017) (district courts are bound by circuit court decisions "until and unless the Supreme Court (or the circuit court sitting *en banc*) says otherwise," including even if it appears the circuit court decision "conflicts with Supreme Court precedent") (collecting cases); *Suiter v. Gen. Baptist Nursing Home*, 2013 WL 656916, at *2 (E.D. Mo. Feb. 22, 2013) (recognizing that "in the absence of clear

---

[2] As Justice Ginsburg summarized in *Fort Bend*, Title VII's "charge-filing requirement," as a practical matter, requires "[a]s a precondition to the commencement of a Title VII action in court, a complainant must first file a charge with the Equal Employment Opportunity Commission." 139 S. Ct. at 1846.

3

Supreme Court precedent, this Court is bound to follow Eighth Circuit precedent"); *see also Kohlbeck v. Wyndham Vacation Resorts, Inc.*, 7 F.4th 729, 734 (8th Cir. 2021) (recognizing that "even if the Supreme Court's more recent decisions call the precedents treating the requirements of Rule 3(c) as jurisdictional into doubt, we are bound to follow [Supreme Court precedent] and later precedents on this issue until the Supreme Court overrules them") (cleaned up); *United States v. Wade*, 792 F. App'x 417 (8th Cir. 2020) (per curiam) (the Eighth Circuit itself is "bound by a prior panel's decision" "[e]ven though there has been recent discussion about the lasting viability [of Eighth Circuit precedent] in light of recent Supreme Court precedent"); *Pereida v. Barr*, 916 F.3d 1128, 1133 (8th Cir. 2019) (Eighth Circuit is "bound by [circuit] precedent absent en banc reconsideration or a superseding contrary decision by the Supreme Court regarding this unique situation"). And particularly applicable here, the Eighth Circuit has recognized the principle that "where a precedent . . . has direct application in a case, [the court] should follow it, even if a later decision arguably undermines some of its reasoning." *Bierman v. Dayton*, 900 F.3d 570, 574 (8th Cir. 2018) (citing *Agostini v. Felton*, 521 U.S. 203, 237 (1997)).[3]

As the Court has previously set forth (and as Plaintiff acknowledges in her show-cause response), at present it is the law of the Eighth Circuit – under *Bilello* as clear and direct binding precedent – that § 2000a-3(c)'s notice requirement is jurisdictional.[4] Indeed, even after the Supreme Court's decision in *Fort Bend*, the Eighth Circuit recently summarily affirmed the

---

[3] In *Agostini*, the Supreme Court reaffirmed the foundational principle of *stare decisis* that where a precedential decision "has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the [lower court] should follow the case which directly controls, leaving to [the appellate court] the prerogative of overruling its own decisions." 521 U.S. at 237-38 (recognizing that the district court was "correct to recognize that the motion had to be denied unless and until [the Supreme Court] reinterpreted the binding precedent") (citation and quotation marks omitted).

[4] As the Court earlier noted in its order to show cause, the majority of circuit courts of appeals to have addressed the jurisdictional nature of § 2000a-3(c)'s notice requirement have held the provision implicates courts' subject matter jurisdiction. *See Bilello*, 374 F.3d at 659; *Stearnes v. Baur's Opera House, Inc.*, 3 F.3d 1142, 1144 (7th Cir. 1993); *Harris v. Ericson*, 457 F.2d 765, 766 (10th Cir. 1972); *but see Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 153 (D.C. Cir. 2015) (holding § 2000a-3(c) is not jurisdictional). At the same time, although the circuit courts in the remaining circuits do not have appear to addressed this specific issue, district courts in the First, Third, and Fifth Circuits appear to agree that § 2000a-3(c) is jurisdictional, while district courts in the Eleventh Circuit appear to agree that § 2000a-3(c) is not jurisdictional, and district courts in the remaining four circuits (the Second, Fourth, Sixth, and Ninth) remain divided on this issue. (*See* Doc. 43 at 2 n.1 (collecting cases).)

Following *Fort Bend*, however, like in the Eighth Circuit, the law in the Seventh and Tenth circuits appears to continue to be that § 2000a-3(c) is jurisdictional. *See Bonds v. Rising Star Casino Resort*, No. 4:19-cv-151-JMS-DML, 2020 WL 564281, at *5-6 (S.D. Ind. Feb. 5, 2020) (dismissing Title II claim for lack of jurisdiction in accordance with § 2000a-3(c)'s notice requirement).

dismissal of a Title II claim brought under § 2000a-2, in part finding "we lack jurisdiction over the [Title II] claim . . . as the [plaintiffs] did not establish that they filed a charge with the appropriate state agency before filing their federal action." *Zean v. Choice Hotels Int'l, Inc.*, 801 F. App'x 458 (8th Cir. 2020) (per curiam) (citing § 2000a-3(c); *Bilello*; other citation omitted).

Here, Plaintiff does not allege in her complaint that she provided any notice or filed any complaint with the Missouri Commission on Human Rights that would otherwise serve to satisfy § 2000a-3(c) prior to filing the instant Title II lawsuit in federal court.[5] *See Combs*, 2014 WL 4243640, at *3 (recognizing Missouri law prohibits discrimination in places of public accommodation and provides remedies as to such discriminatory practices as contemplated by § 2000a-3(c)) (dismissing Title II race-discrimination claim for lack of subject matter jurisdiction pursuant to § 2000a-3(c)); Mo. Rev. Stat. §§ 213.030, 213.065, 213.075. Thus, applying *Bilello* as the binding Eighth Circuit precedent on this issue – as this Court must do – the Court finds it lacks subject matter jurisdiction. Accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**, and Plaintiff's complaint is **DISMISSED without prejudice.** Fed. R. Civ. P. 12(h); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety") (citation omitted).

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: August 10, 2022

---

[5] Unlike the onerous "charge-filing requirement" for Title VII claims, § 2000a-3(c)'s jurisdictional notice provision only requires that "written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person." Because Plaintiff's complaint alleges no written notice to the Missouri Commission on Human Rights in any form (i.e., by a formal written charge or otherwise), the Court need not consider what kind of "written notice" is sufficient to invoke the Court's jurisdiction in a Title II claim.